Notx, J.,
delivered the opinion of the court:
On. the 2Gtk of October, 1804, the schooner Keokuk went into the naval service of the United States, under a charter-party containing two provisions, which form the basis of the litigation. The first is, “that the war risk is assumed by the United States, and no other than toar risk is assumedthe second, that the schooner was uto he discharged of charter-party at Hampton Roads when services are no longer required.”
On the 25th of December, 1804, the commander of the naval station at Beaufort ordered the naval harbor-master to have the “ Keokuk towed out of Beaufort Channel around to Moorehead Channel.” Whereupon the captain of a naval tug, against the remonstrances of the master, took the schooner in tow, in the night-time, with her sails unbent, with a difficult and dangerous channel before Mm, in places only 150 feet wide, and in a few minutes succeeded in running her aground.
On the 14th February, 1865, at Beaufort, instead of Hampton Boads, Bear-Admiral Porter ordered the schooner’s discharge. The Ordnance Bureau of the Navy Department treated this discharge at Beaufort as conclusive, and did not pay the owners for any subsequent time; that is to say, did not allow them for the length of the voyage from Beaufort to Hampton Roads. At the time of this payment an account was made out in the usual form for the services of the schooner “ as per charter-party ,” for a period extending from the date of her charter to the date of her discharge; and the usual receipt was given “ in full for the above hill.”
As to the schooner’s injuries it is contended that only the war risk was assumed by the defendants, and that these injuries were the result of a marine disaster to be borne by the owners. As to the schooner’s right to be discharged at Hampton Boads and not at Beaufort, it is said that the payment and receipt were a settlement, final and conclusive, for her services.
It is undoubtedly true that the injuries of the schooner do not come under the term “ war risk,” and that the responsibility of marine loss, according to the charter, rested on the owners. But responsibility on the one hand implies, reciprocally, discretion on the other. When the owners contracted that they would bear the marine risk, it was in effect also agreed that *421 they should navigate their own vessel by their own master, and bo free to effect insurance upon the usual conditions. The act of the defendants’ officer in towing the schooner at the time and in the manner he did was an interference with the lawful discretion of the master, to which the owners were entitled; and it would have avoided any policy of insurance upon the vessel which they might have effected. Williams v. New England Insurance Company. (United States Circuit Court, Boston, May Term, 1860, per Clifford, J.)
This case is plainly distinguishable from Beybold’s, (5 C. Cls. It., p. 277,) as there the master was navigating his vessel without interference and without compulsion.
The objection that the payment and receipt constitute a settlement, final and conclusive, for all of the vessel’s services, seems hardly sustained by the terms of the account stated. It does not purport to be a settlemént.including all of the vessel’s service, but simply a payment for a specific period. Service subsequent to that period cannot be affected by the payment or receipt. The defendants paid at the charter-rate up to the time of the vessel’s discharge at Beaufort; they have not paid for the voyage back from the place of actual discharge to the place of agreed discharge. During that return voyage the vessel was constructively in their service, and for it the claimants arc entitled to recover at the charter-rate.
The evidence as to damages is not clear or satisfactory, and it may be that the claimants are justly entitled to recover considerably more than we feel authorized to award to them. Taking the survey of the naval board as a guide, we fix the repairs of the vessel at $1,500; her .permanent depreciation in value at $500; and the service of her voyage from Beaufort to Hampton Bo ads at $128.
The judgment of the court is that the claimants recover the sum of $2,128.